NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Stephen Frank Karban,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-14-02763-PHX-SRB<br><br>**ORDER** |

Petitioner Stephen Karban was convicted in Maricopa County Superior Court of 11 felonies after representing himself with advisory counsel in a jury trial. He was sentenced to 138.5 years in prison. Petitioner was represented by counsel on appeal and his counsel raised four issues before the Arizona Court of Appeals. The Arizona Court of Appeals affirmed his convictions and sentence and the Arizona Supreme Court denied review. Thereafter, Petitioner filed a timely Petition for Post-Conviction Relief raising 12 grounds for relief. The Petition for Post-Conviction Relief was denied. Petitioner appealed the denial and the Court of Appeals denied relief.

Petitioner then filed this Petition for Writ of Habeas Corpus raising 29 claims of violation of his federal constitutional rights. After full briefing the Magistrate Judge issued her Report and Recommendation recommending that the Petition be denied and dismissed with prejudice. Petitioner filed timely written objections to the Magistrate Judge's Report and Recommendations.

After a *de novo* review the Court agrees with the Magistrate Judge's categorization

of Petitioner's claims as follows: Grounds 1, 2 and 3 correspond to three of the four issues raised on direct appeal. Grounds 4 through 29 correspond to the 12 grounds for relief raised in Petitioner's state Petition for Post-Conviction Relief raised as ineffective assistance of appellate counsel. Those 12 grounds also included sub-issues. Grounds 7-26, 28 and 29 are presented by Petitioner in this Petition for Writ of Habeas Corpus as grounds for relief independent of any ineffective assistance of appellate counsel claim. The Court agrees with the Magistrate Judge that because Petitioner raised these claims only as ineffective assistance of appellate counsel claims in state court these claims can be evaluated here only under the standards of ineffective of assistance of appellate counsel and not as independent claims. They are unexhausted and procedurally defaulted and absent showing actual innocence these claims cannot be reviewed independently.

In Petitioner's objections he objects to the finding that there was procedural default without excuse on Grounds 7-26, 28 and 29. The excuse that he offers with respect to all of these independent claims previously raised only as ineffective assistance of appellate counsel is the ineffective assistance of his appellate counsel. With respect to each of these claims his objections state that counsel's ineffectiveness is the excuse for why the claim was not raised on direct appeal and the reason why the default should be excused. This is not a sufficient basis to excuse the procedural default and the Court agrees with the Magistrate Judge that these claims can only be evaluated as claims of ineffective assistance of appellate counsel and not on independent grounds.

**Ground 1**

On direct appeal Petitioner raised the claim that the trial court erred in admitting certain pornographic computer images at trial. Petitioner does not dispute that this claim was not federalized by his appellate lawyer and was argued only under state law. Petitioner objects to the finding that he has failed to overcome this procedural default by demonstrating cause and prejudice or by showing actual innocence. Petitioner points to a letter sent to his attorney prior to the filing of the appellate brief requesting that she federalize all claims raised. While Petitioner may have demanded that his appellate

lawyer federalize all his claims, even if she had done so he has failed to show the merit of the claim. The Court agrees with the Magistrate Judge that the trial court's ruling on the admission of the images under the Arizona Rules of Evidence was reasonable as was the appellate court's affirmance of the ruling. Moreover, Petitioner has not shown that if it were error the admission infected his trial with error of constitutional dimensions denying him due process.

**Ground 2**

Petitioner's appellate counsel raised Ground 2 on appeal arguing that it was error to preclude evidence of one of the victim's viewing of pornographic material. As with Ground 1, his attorney did not federalize the claim but only argued it under state law. Even if Petitioner's present claim of due process violations were exhausted, he has not demonstrated that the preclusion of this evidence pursuant to a state rule of evidence would rise to the level of a violation of his rights to Due Process under the United States Constitution. The Court's review of the record discloses what the Magistrate Judge also saw. Much of the evidence Petitioner sought to admit was admitted despite the granting of the prosecution's motion in limine concerning the viewing of pornographic images by the victim. Therefore even if not procedurally barred this claim fails on the merits. Because it fails on the merits, the claim that his appellate lawyer was ineffective for failing to provide a federal basis for the claim also fails.

**Ground 3**

Ground 3 was raised on direct appeal. In his appellate brief Petitioner argued that he was entitled to present evidence of good character to rebut the state's allegations against him and specifically evidence of his acquittal in a Michigan case involving the same victims. His appellate lawyer did not federalize the claim and argued it solely under state law. In rejecting this argument for reversing Petitioner's conviction the Arizona Court of Appeals related that the trial record did not identify the specific acts of

which Petitioner had been acquitted in Michigan and absent this information could not conclude that the trial erred by precluding evidence of the acquittal. The Magistrate Judge correctly noted that the state court evidentiary rulings, even if erroneous, are not grounds for federal habeas relief unless the ruling renders the state proceedings so fundamentally unfair as to violate due process. Federal courts have consistently held that evidence of an acquittal in a prior proceeding is generally inadmissible. The rationale is that an acquittal does not support a finding of innocence but only a finding that the prosecution did not establish an essential element of the charge beyond a reasonable doubt. Because the weight of federal authority would not have permitted the admission in evidence of Petitioner's acquittal, the Court cannot conclude that the state court's ruling on this claim violated Petitioner's constitutional rights to fundamental fairness at trial. Petitioner has failed to establish that the state court's adjudication of this claim was contrary to or involved in unreasonable application of clearly-established federal law.

**Ground 4**

In Ground 4 Petitioner claims that his rights to due process, compulsory process and a fair trial were violated because a government witness threatened a defense witness to prevent him from testifying at trial. The witness who did not testify at trial was Petitioner's son, Frank, who submitted an affidavit in support of Petitioner's Petition for Post-Conviction Relief claiming he had been threatened by Petitioner's wife if he were to appear and testify at trial. In rejecting this claim the state court found that there was no showing of state action and, therefore, no violation of compulsory process rights because the unavailability of the witness was not the result of state action. The Arizona Court of Appeals commented in its affirmance that Petitioner provided no evidentiary support that a state agent was involved in the alleged intimidation of his son Frank. Petitioner argues that the trial court erred in failing to allow an evidentiary hearing where he could ascertain whether his wife acted alone or at the suggestion of a state actor.

In order to prevail on this claim Petitioner must show that the state court's adjudication was either contrary to or involved an unreasonable application of clearly-

established federal law. He has not. The affidavit provides no basis for any court to conclude that Petitioner's wife was acting as an agent of the state when she allegedly threatened Frank to keep him from testifying. The Court agrees with the Magistrate Judge that this claim fails on the merits.

**Ground 5**

Ground 5 presents a closely-related claim to Ground Four. In his Petition for Post-Conviction Relief Petitioner raised as a claim of alleged newly- discovered evidence the information contained in Frank's affidavit. Petitioner argued had this evidence been presented at trial he would not have been convicted. In his objections Petitioner takes issue with the Magistrate Judge's finding that the trial court denied this claim as frivolous and also argues that he federalized the claim by referencing a United States Supreme Court case. Petitioner argues, as he did for Ground Four, that if only an evidentiary hearing had been ordered by the state court he would have been able to prove his claim.

Issue number one in Petitioner's Petition for Post-Conviction Relief involved these two issues related to his son's testimony. The heading cites the Fifth, Sixth and Fourteenth Amendments to the United States Constitution but the three paragraphs devoted to the argument concerning the alleged newly- discovered evidence refers only to state court standards for a new trial. The mere citation of a federal case is insufficient to federalize a claim. The Court agrees with the Magistrate Judge that Ground Five is procedurally barred because it was not fairly presented to the state court as a federal claim nor has Petitioner argued cause and prejudice or actual innocence to overcome this procedural bar.

**Grounds 6, 7-26, 28 and 29**

Ground 6 and Grounds 7-26, 28 and 29 are all claims of ineffective assistance of appellate counsel. Ground 6 is denominated a claim of ineffective assistance of appellate counsel. As the Court previously noted Grounds 7-26, 28 and 29 can only be considered by this Court as ineffective assistance of appellate counsel claims because they were never raised as independent grounds for post-conviction relief in state court.

In addition to his single claim of ineffective assistance of appellate counsel these additional 22 claims of ineffective assistance of appellate counsel are described similarly in Petitioner's objections as "dead bang" winner arguments that should have been raised by his appellate counsel in his state appeal of his conviction and sentence. While Petitioner concedes in his briefs that appellate counsel is not required to raise every single issue a defendant wishes to raise, he argues that these issues should have been raised at his insistence by his appellate counsel.  The state court denied Petitioner's claim of ineffective assistance of counsel finding that as to some of the claims Petitioner's counsel could not have raised them on appeal because Petitioner had failed to preserve the issues at trial and as to others the issues lacked legal merit.  The Court agrees with the extensive discussion by the Magistrate Judge as to all of the claims of ineffective assistance of appellate counsel. Petitioner has failed to demonstrate that counsel's decision to argue the claims she presented on direct appeal was objectively unreasonable. Petitioner has also failed to show that had his appellate counsel raised any or all of these additional claims that the result of his appeal would have been different.

**Ground 27**

Ground 27 was raised for the first time in Petitioner's Petition for Post-Conviction Relief.  It is a claim of lack of subject matter jurisdiction based on an allegedly flawed Indictment.  The trial court denied the claim as precluded under Arizona Rule of Criminal Procedure, 32.2(a) and the Court of Appeals denied the constitutional claim as precluded for failure to raise it on direct appeal.  The state court also found that Petitioner's appellate counsel was not ineffective for failing to raise this claim.  As the Magistrate Judge explained defects in an Indictment are required to be raised in a motion filed in accordance with Rule 16, Arizona Rules of Criminal Procedure.  Ariz. R. Crim. P. 13.5(e).  Petitioner counters that because his Indictment was flawed this impacted state court subject matter jurisdiction and subject matter jurisdiction cannot be waived and can be raised at any time.  The Court agrees with the Magistrate Judge that if the Indictment were defective that defect did not create a lack of subject matter jurisdiction in the state

court. The claim lacks merit and, therefore, the failure to raise the claim on direct appeal could not be considered ineffective assistance of appellate counsel.

IT IS ORDERED overruling Petitioner's Objections to the Report and Recommendation of Magistrate Judge.

IT IS ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 47)

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus is denied and dismissed with prejudice.

IT IS FURTHER ORDERED that Petitioner's Request to Supplement the Record of his Writ of Habeas Corpus is denied. (Doc. 44)

IT IS FURTHER ORDERED denying a Certificate of Appealability because denial of the Petition is justified by a plain procedural bar and jurist of reason would not find the ruling debatable and because Petitioner has failed to show the denial of a federal constitutional right.

Dated this 11th day of August, 2017.

Susan R. Bolton
United States District Judge